IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITY SOFTWARE SYSTEMS, INC., an Illinois corporation, Plaintiff, v. SECURITY SOFTWARE SYSTEMS, LTD., a limited registered company of the United Kingdom of Great Britain and Northern Ireland and SECURUS SOFTWARE LIMITED, a limited registered company of the United Kingdom of Great Britain and Northern Ireland, Defendants. | No: 05 C 3787 Judge Milton I. Shadur |

## MEMORANDUM OPINION AND ORDER

This commercial dispute between Security Software Systems, Inc., ("Security, Inc.") on the one hand and Security Software Systems, Ltd. ("Security Limited") and Securus Software Limited ("Securus") on the other hand has posed two threshold issues before the merits are reached: (1) the existence or nonexistence of personal jurisdiction over Securus and (2) the arbitrability of the dispute between Security, Inc. and Security Limited. At this point those subjects have been fully briefed and are ripe for decision.

As for the in personam jurisdiction question, defendants' just-filed Reply Brief says accurately that it is unnecessary to look at the underlying merits – although having said that, defense counsel inexplicably then proceed to devote their Reply Brief 3-6 to a detailed exposition

of defendants' version of the operative events. This Court will eschew any recounting of the parties' disputed accounts, focusing instead on the amenability of Securus to suit in this forum.

On that score Security, Inc. pins its hopes not on Securus' Illinois-based activity – there is none – but rather on the notion that "Securus is simply the alter ego of SSSL [Security Limited] and the successor to SSSL's business" (Security Inc. Mem. 2). But that assertion is entirely at odds with the tests set out in Int'l Fin. Servs. Corp. v. Chromas Techs. Canada, Inc., 356 F.3d 731, 736 (7th Cir. 2004):[1]

> Under the law of Illinois, a party seeking to disregard the corporate entity because the targeted corporation is merely the alter ego of the dominating personality "must show that (1) there is such a unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist; and (2) circumstances are such that adhering to the fiction of a separate corporate existence would promote *injustice or inequity.*" Melko v. Dionisio, 219 Ill. App.3d 1048, 162 Ill. Dec. 623, 580 N.E.2d 586, 594 (1991) (emphasis added).

And it is worth noting that the identical language quoted from Melko has more recently been employed in Miner v. Fashion Enters., Inc., 342 Ill. App. 3d 405, 414, 794 N.E.2d 902, 911 (1st Dist. 2003), followed by this amplification:

> To determine whether a unity of interests exists to the extent that the corporate veil should be pierced, courts will look to a number of factors, including whether there is inadequate capitalization, failure to observe corporate formalities, insolvency of the debtor corporation, and absence of corporate records.

---

[1] For some unexplained reason the just-filed Reply Brief 8-9 cites to and quotes from the non-precedential opinion of this Court's respected colleague, Honorable David Coar, in the same case, rather than the earlier (and precedential) opinion from our Court of Appeals next quoted in the text.

Here the corporate integrity of Security Limited and Securus has been carefully maintained, with none of the indicia of veil-piercing or of alter ego treatment being present. Accordingly, Securus' motion is granted, and it is dismissed as a defendant.

That being so, the rest of the Security Limited motion should also be granted. Security Inc. and Security Limited are ordered to proceed to arbitrate their differences in accordance with the provisions of Paragraph 16 of the April 1, 2001 Agreement between them, and this action is stayed pursuant to 9 U.S.C. § 3. As a matter of housekeeping, this action is set for a status hearing at 9 a.m. August 21, 2006 (with the previously-set May 4 status hearing being vacated) upon these understandings:

1. If the arbitration has been completed before that date, either party may bring a timely motion either to enforce or to vacate the arbitration award.

2. If shortly before that August date no award has yet been made in the arbitration proceeding, counsel for either party should call this Court's minute clerk to reschedule that date appropriately.

Entered: May 3, 2006

Milton I. Shadur, United States District Judge