IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION 

SECURITY SOFTWARE SYSTEMS, INC.,  )
                                  )
            Plaintiff,             )
                                  )
    v.                             )   No. 05 C 3787
                                  )
SECURITY SOFTWARE SYSTEMS, LTD.,   )
et al.,                            )
                                  )
            Defendants.            )

MEMORANDUM OPINION AND ORDER

On May 3, 2006 this Court issued a brief memorandum opinion and order ("Order," a photocopy of which is attached) that:

1. dismissed codefendant Securus Software Limited from the action because of the absence of in personam jurisdiction;

2. granted the motion of codefendant Security Software Systems, Ltd. ("Security Limited") to compel arbitration pursuant to Paragraph 16 of the April 1, 2001 Agreement between Security Limited and plaintiff Security Software Systems, Inc. ("Security, Inc.") and stayed this action pursuant to the directive of the Federal Arbitration Act embodied in 9 U.S.C. §3;[1] and

3. set a status hearing for 9 a.m. yesterday (August 21).

When that status date arrived--fully 3-1/2 months later--

---

[1] Further citations to that statute will simply take the form "Section --."

Security, Inc.'s counsel (1) advised that he and his client had done nothing toward entering into the arbitration that this Court had ordered and (2) announced his intention to follow his client's direction to take an appeal from the Order. Security Limited's counsel also confirmed the total inaction on the arbitration front on the part of Security, Inc. during the post-Order period.

It is always troublesome when any lawyer frames an intended course of action as one that has been directed by the client, rather than one undertaken as an exercise of the lawyer's own legal judgment. And here Security, Inc.'s counsel's questionable pronouncement of a contemplated appeal appears doubly problematic, giving rise to the possible prospect of triggering sanctions against the client under Fed. R. Civ. P. ("Rule") 11(b) and against counsel under both that Rule and 28 U.S.C. §1927.

It has not been disputed here that Security Limited and Security, Inc. contracted to submit the dispute at issue in this litigation to arbitration. That being so, the provisions of Section 16 set the rules for any potential appeal:

    (a) An appeal may be taken from--

        (1) an order--

            (A) refusing a stay of any action under section 3 of this title,

            (B) denying a petition under section 4 of this title to order arbitration to proceed,

> (C) denying an application under section 206 of this title to compel arbitration,
>
> (D) confirming or denying confirmation of an award or partial award, or
>
> (E) modifying, correcting, or vacating an award;
>
> (2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or
>
> (3) a final decision with respect to an arbitration that is subject to this title.
>
> (b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order--
>
> (1) granting a stay of any action under section 3 of this title;
>
> (2) directing arbitration to proceed under section 4 of this title;
>
> (3) compelling arbitration under section 206 of this title; or
>
> (4) refusing to enjoin an arbitration that is subject to this title.

Whatever confusion once existed as to the appealability of orders <u>directing</u> arbitration (as the Order here did) was definitively eliminated by the Supreme Court's decision in <u>Green Tree Fin. Corp.-Ala. v. Randolph</u>, 531 U.S. 79 (2000). What <u>Green Tree</u> decided was that the Section 16(a)(3) reference to "a final decision with respect to an arbitration" embraced an order that directed the parties' dispute to be resolved by arbitration, so that it "disposed of the entire case on the merits and left no

3

part of it pending before the court" (id. at 86-87). And as the direct corollary of that holding, the Court went on to say (id. at 87 n.2 (emphasis added)):

> Had the District Court entered a stay instead of a dismissal in this case, that order would not be appealable. 9 U.S.C. §16(b)(1).

Here Order at 3 followed this Court's express directive that the parties must proceed to arbitration with an equally express statement that "this action is stayed pursuant to 9 U.S.C. §3." That of course impales Security, Inc. on one of the two horns of a classic dilemma. If the Order, despite its provision for a stay and despite the unambiguous message on that score delivered by Green Tree, were somehow viewed as "a final decision with respect to an arbitration," it would have become immediately appealable under Section 16(a)(3)--so that any appeal taken now would clearly be out of time. If instead the Order constituted an "interlocutory order favorable to arbitration" (Green Tree, 531 U.S. at 86), it was and is also barred from any present appeal, this time under Section 16(b)(1) and the above-quoted n.2 from Green Tree.

Either way, it seems clear that Security, Inc. and its counsel cannot pursue an appeal from the Order in good conscience. They are ordered to show cause on or before September 1, 2006 why either or both should not be held in contempt of the Order and why sanctions should not be imposed

4

under Rule 11(b) or 28 U.S.C. §1927 or both.  In the meantime, this Court vacates the order that was entered yesterday setting a briefing schedule and status date for an anticipated motion by Security Limited, substituting instead a status hearing at 9 a.m. September 5, 2006.

                                                                               _____
                                                                               Milton I. Shadur
                                                                               Senior United States District Judge

Date:  August 22, 2006