IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Security Software Systems, INC.,    )
                                    )
              Plaintiff,            )
                                    )
       v.                           )    No. 05 C 3787
                                    )
Security Software Systems, Ltd.,    )
et al.,                             )
              Defendants.           )

MEMORANDUM OPINION

In the always troublesome area of fee-shifting, the additional problems created by the fees-on-fees phenomenon invariably tend to exacerbate matters (see, e.g., Nanetti v. Univ. of Ill. at Chicago, 944 F.2d 416 (7th Cir. 1991). Indeed, that same phenomenon calls to mind Jonathan Swift's quatrain in his On Poetry, A Rhapsody:

> So, naturalists observe, a flea
> Hath smaller fleas that on him prey;
> And these have smaller still to bite 'em;
> And so proceed *ad infinitum*

In this instance Security Software Systems, Inc. ("Systems"), after this Court first held it accountable for the payment of its adversaries' attorneys' fees and expenses in an October 13, 2006 order ("Order"), has demonstrated an unfortunate disregard of that problem. In addition to permissibly challenging the amount to be awarded, it has impermissibly continued to question the fact of its liability on the merits of such an award, thus enhancing the fees-on-fees component of the

award.  So the originally requested sum of $14,408.04 ($14,318.75 in fees and $89.29 in expenses) has already grown by $6,232.98 ($6071.25 in fees and $161.73 in expenses) to a total demand of $20,641.02.

Although the underlying claim in this action has been stayed pending the outcome of arbitration proceedings, this Court of course retains jurisdiction over the parties and the action.[1] And though this Court's brief December 4, 2006 memorandum order has correctly stated that the amount of fee-shifting to Systems may be impacted by the nature of the ultimate arbitration award, there is a value to be derived by stanching further fee-on-fees bleeding.  Hence this opinion will essay a tentative determination of the fee-shifting amount, subject to possible later adjustment.

By definition a court engaged in the process at hand, looking at the matter from the outside and in hindsight, cannot arrive at a result wholly free from doubt.  Every decision in this area must rest on some not-entirely-verifiable assumptions. In this case Systems' failure or refusal to co-operate effectively in the LR 54.3 procedure, designed by this District Court in an effort to provide a better focus on any disputed areas, has made the task more difficult.

---

[1] This situation is not equivalent to the bankruptcy situation, where the automatic statutory stay forbids any action whatever against the debtor while it is in effect.

But some important considerations serve as counterweights that restore confidence in the analysis and its outcome. Although Systems complains that fewer lawyers should have been involved in the process[2] and that the time spent was excessive (it does not quarrel with the reasonableness of the hourly rates charged by the several counsel involved), the fact remains that the expenses were incurred by Security Software Systems, Ltd. ("Security Limited") and Securus Software Limited ("Securas") <u>before</u> this Court determined that the expenses involved would be shifted to Systems. There was no improper incentive to puff up the amount of work, which was then being charged by counsel not to Systems but to their own clients -- clients that had every incentive to monitor what were then their own expenses. Those things go a long way toward confirming the reasonableness of the original amount -- and, with minor exceptions, nothing of any tangible nature has been submitted to cast doubt on that conclusion.

Systems does complain as to one substantive step that was undertaken against it: a motion to dismiss this action for want of prosecution, attributable to its not having undertaken the arbitration as it should have. That effort on the part of

---

[2]In that regard, Systems itself chose to target two defendants, a U.K. corporation as well as a domestic company. Having done so, it cannot justifiably complain because two law firms became involved on the defense side.

defense counsel -- essentially the equivalent of hitting the overly stubborn mule between the eyes with a 2x4 to get its attention -- was found meritless by this Court, and the small amount of time devoted to including that effort in the motion papers must be deleted from the award. In addition, whenever the time sheets reflect intra-firm conferences between two lawyers, only the time of the higher-priced lawyer will be allowed (the other lawyer's time will be eliminated from the award).

As for the post-October-13-services, it is true that they may lack the identical assurance of reasonableness, but once more the work was not undertaken with any guaranty that the expenses would be shifted to Systems. And as to those later services, the scope of the work is substantially attributable to Systems' failure to have cooperated in a way that could have minimized (though it could never remove entirely) the fees-on-fees component. Under all the circumstances, this Court also finds the post-October-13 amounts involved to be reasonable.

## Conclusion

This Court grants the Security Limited-Securas joint motion for fees and expenses in principal part, although payment is not yet required. Because the award is to be made pursuant to 28 U.S.C. § 1927 as well as against Systems itself, it will be imposed jointly and severally (with this Court expressing no view as to whether counsel is entitled to seek reimbursement from

Systems). Finally, when the award is made it will bear interest at the prime rate from the dates when the clients paid the legal bills involved, to compensate defendants for the cost of money (in the latter respect, see Russell Lovell, <u>Court-Awarded Attorneys' Fees</u> (1999), a publication of the American Bar Association).

_____
Milton I. Shadur
Senior United States District Judge

Date: March 29, 2007