IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SECURITY SOFTWARE SYSTEMS, INC.,    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   No. 05 C 3787
                                    )
SECURITY SOFTWARE SYSTEMS, LTD.,    )
et al.,                             )
                                    )
            Defendants.             )

## MEMORANDUM ORDER

This Court's earlier opinions and orders holding Security Software Systems, Inc. ("Systems") and its counsel Lawrence Stein ("Stein") jointly and severally liable for the payment of a principal part of their adversaries' attorneys' fees and expenses--System pursuant to this Court's inherent authority and Stein pursuant to 28 U.S.C. §1927--need not be repeated here, although they should be consulted for a full understanding of the protracted and tangled history of the matter. Until the current activity that is referred to next, the last written opinion by this Court had been issued on March 29, 2007.

Last month the parties settled the case via a stipulated dismissal with prejudice, filed on August 21, that provided in part "that each party will bear its own costs and attorney fees, <u>except as authorized or ordered by the Court</u>" (emphasis added). Stein then filed a document captioned Motion To Vacate Award of Sanctions, which he noticed up for presentment on today's motion call.

At today's presentment date this Court found the arguments advanced by Stein truly frivolous--for example, his assertion that this Court "did not have the power to enter what amounted to a mandatory injunction" (an assertion as to a purported lack of jurisdiction that flies directly in the face of Federal Arbitration Act ("FAA") §4[1] and the host of cases such as <u>Green Tree Fin. Corp.-Ala. v. Randolph</u>, 531 U.S. 79 (2000) that have recognized and enforced such orders. That level of frivolousness is all of a piece with Stein's earlier conduct in which he sought to justify his and his client's noncompliance with the May 3, 2006 order requiring submission to arbitration on the ground that they had been contemplating (for 3-1/2 months!) the appeal of that order--an appeal <u>expressly</u> prohibited by FAA §16(b)(2)(see the August 2006 opinion and amendment reported at 459 F.Supp.2d 672-75).

In any event, this Court held this morning that the motion to vacate was totally without merit and proceeded to quantify the award. In doing so it gave Systems and Stein a substantial break below the amount that would have been called for by a direct application of the principles set out in the March 2007 opinion: It pegged the amount of the award at the sum of $15,000, as Stein suggested. As expressly permitted by the parties' settlement agreement, Systems and Stein are jointly and severally ordered to

---

[1] FAA citations correspond to the section numbering in 9 U.S.C.

pay that sum of $15,000 to Security Software Systems, Ltd. and Securus Software Limited on or before October 1, 2008.

_____
Milton I. Shadur
Senior United States District Judge

Date:   September 17, 2008